UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

MSW MEDIA, INC., *
 *
　　Plaintiff, *
 *
　　v. *   Civil Action No. 1:25-cv-02518 (BAH)
 *
DEPARTMENT OF JUSTICE, *
 *
 *
 *
　　Defendant. *
 *
\* \* \* \* \* \* \* \* \* \* \* \* \*

**FIRST AMENDED COMPLAINT**

　　Plaintiff MSW Media, Inc. brings this action against Defendant Department of Justice pursuant to the Freedom of Information Act, 5 U.S.C. § 552, *et seq.*, *as amended* ("FOIA"), the Federal Declaratory Judgment Act, 28 U.S.C. § 2201, and the All Writs Act, 28 U.S.C. § 1651.

**JURISDICTION**

　　1.　　This Court has both subject matter jurisdiction over this action and personal jurisdiction over Defendant pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1331.

**VENUE**

　　2.　　Venue is appropriate under 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1391.

**PARTIES**

　　3.　　Plaintiff MSW Media, Inc. ("MSW Media") is a media business incorporated in the state of California and has the ability to disseminate information on a wide scale. MSW Media (https://mswmedia.com/) operates numerous podcasts and blogs about federal government operations, including Mueller She Wrote, SpyTalk, Daily Beans, and Jack. It will clearly use its

editorial skills to translate disclosed records into new material. MSW Media is accordingly a representative of the news media within the meaning of 5 U.S.C. § 552(a)(4)(A).

4. Defendant Department of Justice ("DOJ") is an agency within the meaning of 5 U.S.C. § 552(f)(1) and is in possession and/or control of the records requested by MSW Media which are the subject of this action.

5. The Federal Bureau of Investigation ("FBI") and Office of Information and Policy ("OIP") are DOJ components.

## BACKGROUND

6. Ever since disgraced financier Jeffrey Epstein ("Epstein") and his co-conspirator Ghislaine Maxwell ("Maxwell") were prosecuted for various crimes involving the sex trafficking of minors, there has been an overwhelming public interest in the respective cases, often including demands for information about other individuals who were involved in the criminal activity.

7. Then-candidate Donald Trump ("Trump") included releasing records about Epstein and Maxwell in his campaign promises, with the support of high-visibility Republican influencers such as Kash Patel ("Patel"), Dan Bongino ("Bongino"), and Pamela Bondi ("Bondi").

8. For instance, on 3 January 2024, Bondi told Fox News, "[I]f people in th[ose records] are still fighting to keep their names private, . . . they have no legal basis to do so, unless they're a child, a victim, or a cooperating defendant." *These documents should have come out a long time ago: Pam Bondi*, Fox News (Jan. 3, 2024), *at* https://www.foxnews.com/video/6344240670112 (last accessed Aug. 1, 2025).

9. This emphasis on transparency continued after Trump was elected President. During Patel's Senate confirmation hearing, Senator Marsha Blackburn asked him, "I know that

2

breaking up these trafficking rings is important to President Trump, so will you work with me on this issue so we know who worked with Jeffrey Epstein in building these sex trafficking rings?" Patel responded, "Absolutely, Senator. Child sex trafficking has no place in the United States of America, and I will do everything if confirmed as FBI Director to make sure the American public knows the full weight of what happened in the past and how we're going to countermand missing children and exploited children going forward." https://www.c-span.org/clip/senate-committee/user-clip-cut-15-patel-confirmation/5155752 (last accessed Aug. 1, 2025).

10. After Trump's inauguration, Patel, Bongino, and Bondi became FBI Director, FBI Deputy Director, and U.S. Attorney General, respectively.

11. On 27 February 2025, Bondi publicly released approximately 200 pages of documents about Epstein, calling it the "first phase" and stating, "The Department remains committed to transparency and intends to release the remaining documents upon review and redaction to protect the identities of Epstein's victims." *Attorney General Pamela Bondi Releases First Phase of Declassified Epstein Files* (Feb. 27, 2025), *at* https://www.justice.gov/opa/pr/attorney-general-pamela-bondi-releases-first-phase-declassified-epstein-files (last accessed Aug. 1, 2025).

12. In March 2025, hundreds of FBI employees, including special agents from the Washington, DC, and New York field offices, began working around the clock to review all of the records about Epstein and Maxwell for release. Jason Leopold, *FBI Agents, FOIA Staff Pulling All Nighters Reviewing Jeffrey Epstein Files*, Bloomberg (Mar. 28, 2025), *at* https://www.bloomberg.com/news/newsletters/2025-03-28/fbi-agents-foia-staff-pulling-all-nighters-reviewing-jeffrey-epstein-files (last accessed Aug. 1, 2025).

13. FBI reviewers "were instructed to search for and review every single Epstein-related document and determine what could be released. That included a mountain of material accumulated by the FBI over nearly two decades, including grand jury testimony, prosecutors' case files, as well as tens of thousands of pages of the bureau's own investigative files on Epstein. It was a herculean task that involved as many as 1,000 FBI agents and other personnel pulling all-nighters while poring through more than 100,000 documents." Jason Leopold, *The FBI Redacted Trump's Name in the Epstein Files*, Bloomberg (Aug. 1, 2025), *at* https://www.bloomberg.com/news/newsletters/2025-08-01/epstein-files-trump-s-name-was-redacted-by-the-fbi (last accessed Aug. 1, 2025) [hereinafter *FBI Redacted Trump's Name*].

14. To aid reviewers, FBI created "training videos instructing personnel on the process of tagging mentions of Trump," which "were actually embedded in a PowerPoint deck (or decks) that lived on the shared drive." Allison Gill, *EXCLUSIVE: The Universe of Those with Access to the Epstein Files Keeps Expanding*, The Breakdown (July 22, 2025), *at* https://www.muellershewrote.com/p/exclusive-the-universe-of-those-with (last accessed Aug. 1, 2025).

15. On 8 July 2025, DOJ and FBI released an unsigned joint statement stating that FBI had collected and reviewed more than 300 gigabytes of data and physical evidence related to the Epstein investigation, but that "it is the determination of the Department of Justice and the Federal Bureau of Investigation that no further disclosure would be appropriate or warranted." *FBI Redacted Trump's Name*.

16. On 17 July 2025, in response to public outcry over DOJ's reversal, President Trump posted on social media, "Based on the ridiculous amount of publicity given to Jeffrey Epstein, I have asked Attorney General Pam Bondi to produce any and all pertinent Grand Jury

testimony, subject to Court approval. This SCAM, perpetuated by the Democrats, should end, right now!" Donald J. Trump (@realDonaldTrump), Truth Social (July 17, 2025 9:07 PM), *at* https://truthsocial.com/@realDonaldTrump/posts/114871557460531003 (last accessed Aug. 1, 2025).

17. On 11 August 2025, Judge Paul Engelmayer denied the Government's motion to unseal grand jury materials in *United States v. Maxwell*, No. 20-330 (S.D.N.Y.).

18. Judge Engelmayer roundly criticized the Government's characterization of the grand jury testimony in question: "A member of the public, appreciating that the Maxwell grand jury materials do not contribute anything to public knowledge, might conclude that the Government's motion for their unsealing was aimed not at 'transparency' but at diversion—aimed not at full disclosure but at the illusion of such." *United States v. Maxwell*, No. 20-330, 2025 U.S. Dist. LEXIS 154007, at *28 (S.D.N.Y. Aug. 11, 2025).

19. On 20 August 2025, Judge Richard Berman denied the Government's motion to unseal grand jury materials in *United States v. Epstein*, No. 19-490 (S.D.N.Y.).

20. Judge Berman also criticized the Government's position in that case, explaining that, if the Government is interested in transparency, its own authority and capacity to release information to inform the public greatly exceeds that of the courts:

> A significant and compelling reason to reject the Government's position in this litigation is that the Government has already undertaken a comprehensive investigation into the *Epstein* case and, not surprisingly, has assembled a "trove" of Epstein documents, interviews, and exhibits. And, the Government committed that it would share its Epstein investigative materials with the public. The Government's 100,000 pages of *Epstein* files and materials dwarf the 70 odd pages of *Epstein* grant jury materials. The Government's "Epstein Files" are *sui generis*. They are investigatory and not subject to Federal Rule of Civil Procedure 6(e).
>
> The Government is the logical party to make comprehensive disclosure to the public of the Epstein Files. By comparison, the instant grand jury motion appears to be a "diversion" from the breadth and scope of the Epstein files in the

5

Government's possession. The grand jury testimony is merely a hearsay snippet of Jeffrey Epstein's alleged conduct.

~~16.~~ *United States v. Epstein*, No. 19-490, 2025 U.S. Dist. LEXIS 161564, at *8 (S.D.N.Y. Aug. 20, 2025) (citations and footnotes omitted).

## CAUSES OF ACTION

### FIRST CAUSE OF ACTION

**(~~OIP – CONSTRUCTIVE EXPEDITED PROCESSING DENIAL – FOIA-2025-05944~~WITHDRAWN)**

~~17. MSW Media repeats and realleges the allegations contained in all paragraphs set forth above.~~

~~18. On 17 July 2025, MSW Media submitted to OIP a FOIA request for "all grand jury testimony in the criminal cases against Jeffrey Epstein and Ghislaine Maxwell." It directly quoted President Trump's 17 July 2025 social media post in support of its request.~~

~~19. MSW Media requested expedited processing of this request, classification as a representative of the news media, and a public interest fee waiver, stating, "As President Trump has demonstrated in the quoted social media post, there is an extreme urgency to release these records to bring this matter to an 'end, right now!' Furthermore, President Trump acknowledges the 'ridiculous amount of publicity given to Jeffrey Epstein,' conclusively demonstrating the urgency of this request."~~

~~20. MSW Media demonstrated that there was an urgent need of a requester primarily engaged in disseminating information to inform the public about an actual or alleged Federal Government activity and that the subject of the request is of widespread and exceptional media interest and the information sought involves possible questions about the Government's integrity which affect public confidence.~~

6

~~21.    On 25 July 2025, OIP responded to MSW Media's request and assigned it Request No. FOIA-2025-05944.~~

~~22.    OIP stated, "Based on the information you have provided, I have determined that your request for expedited processing under this standard should be denied. This Office cannot identify a particular urgency to inform the public about an actual or alleged federal government activity beyond the public's right to know about government activities generally."~~

~~23.    OIP further stated that MSW Media's request that the request be expedited because it pertains to "[a] matter of widespread and exceptional media interest in which there exist possible questions about the government's integrity [that] affect public confidence" would be "directed . . . to the Director of Public Affairs, who makes the decision whether to grant or deny expedited processing under this standard. . . . Please be advised that as of the date of this letter, a decision on your expedition request is still pending."~~

~~24.    As of this writing, OIP has not made a final determination within ten days regarding MSW Media's request for expedited processing.~~

21.    ~~MSW Media has a legal right under FOIA to have its request processed as soon as practicable, and there is no legal basis for the denial by OIP of said right~~<ins>This count pertained to a FOIA request to OIP for the grand jury materials referenced above.</ins>

<ins>22.    On 20 August 2025, MSW Media's undersigned counsel advised DOJ that it was withdrawing the request in light of the opinions in *United States v. Maxwell* and *United States v. Epstein*.</ins>

~~25.~~<ins>23</ins>.    <ins>MSW Media has not fully deleted this count to preserve the numbering of counts in this filing, but the Court need not adjudicate it.</ins>

**SECOND CAUSE OF ACTION**

**(FBI – CONSTRUCTIVE EXPEDITED PROCESSING DENIAL – 1675664-000)**

26.24.  MSW Media repeats and realleges the allegations contained in all paragraphs set forth above.

27.25.  On 22 July 2025, MSW submitted to FBI a FOIA request for "all videos stored on Sharepoint (on the unclassified side) or Sharepoint or BuTube (on the classified side) which were created or used to train FBI personnel in how to review records about Jeffrey Epstein."

28.26.  MSW Media requested expedited processing of this request, classification as a representative of the news media, and a public interest fee waiver, stating, "The ongoing story of how FBI and DOJ reviewed the Epstein records is one of the most newsworthy and fast-developing topics in the news today. MSW Media has a pressing need to report on these videos and shed light on FBI's role in this matter, which raises significant questions of government misconduct."

29.27.  MSW Media demonstrated that there was an urgent need of a requester primarily engaged in disseminating information to inform the public about an actual or alleged Federal Government activity and that the subject of the request is of widespread and exceptional media interest and the information sought involves possible questions about the Government's integrity which affect public confidence.

30.28.  On 29 July 2025, FBI responded to MSW Media's request and assigned it Request No. 1675664-000. FBI's response did not include a determination regarding MSW Media's request for expedited processing.

31.29.  As of this writing, FBI has not made a final determination within ten days regarding MSW Media's request for expedited processing.

30. MSW Media has a legal right under FOIA to have its request processed as soon as practicable, and there is no legal basis for the denial by FBI of said right.

**THIRD CAUSE OF ACTION**

**(FBI – CONSTRUCTIVE NEWS MEDIA DENIAL – 1675664-000)**

31. MSW Media repeats and realleges the allegations contained in all paragraphs set forth above.

32. FBI's 29 July 2025 response stated that MSW Media had been classified as "a general (all others) requester."

33. On 30 July 2025, MSW Media submitted an appeal to OIP of this determination.

34. MSW Media stated, "FBI irrationally denied news media status to a company that runs several of the most listened-to podcasts in the country. There is no basis for this decision."

35. On 31 July 2025, OIP responded to MSW Media's appeal and assigned it Appeal No. A-2025-02313.

36. As of this writing, OIP has not made a final determination within twenty working days regarding MSW Media's request for classification as a representative of the news media.

37. MSW Media has a legal right under FOIA to be classified as a representative of the news media, and there is no legal basis for the denial by DOJ of said right.

**FOURTH CAUSE OF ACTION**

**(FBI – CONSTRUCTIVE FEE WAIVER DENIAL – 1675664-000)**

38. MSW Media repeats and realleges the allegations contained in all paragraphs set forth above.

39. FBI's 29 July 2025 response stated, "Your request for a public interest fee waiver is under consideration and you will be advised of the decision if fees are applicable. If your fee

waiver is not granted, you will be responsible for applicable fees per your designated requester fee category below."

40. As of this writing, FBI has not made a final determination within thirty working days regarding MSW Media's request for a public interest fee waiver.

41. MSW Media has a legal right under FOIA to have its request processed without fees, and there is no legal basis for the denial by FBI of said right.

**FIFTH CAUSE OF ACTION**

**(FBI – CONSTRUCTIVE RECORDS DENIAL – 1675664-000)**

42. MSW Media repeats and realleges the allegations contained in all paragraphs set forth above.

43. MSW Media's FOIA request was filed on 22 July 2025.

44. On 29 July 2025, FBI invoked "unusual circumstances" to push back its deadline for a final response by ten working days.

45. Accordingly, FBI's deadline for making a final determination was 3 September 2025.

46. As of this writing, FBI has not made a final determination regarding MSW Media's FOIA request.

~~32.~~47. MSW Media has a legal right under FOIA to receive the information it requested, and there is no legal basis for the denial by FBI of said right.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff MSW Media, Inc. prays that this Court:

(1) Order the ~~Office of Information Policy and~~ Federal Bureau of Investigation to expeditiously process its request~~s~~;

(2) Order FBI to classify it as a representative of the news media;

(3) Order FBI to grant its request for a public interest fee waiver;

(4) Order FBI to release all responsive information;

~~(2)~~(5) Order preliminary and permanent injunctive and/or declaratory relief as may be appropriate;

~~(3)~~(6) Award reasonable costs and attorneys' fees as provided in 5 U.S.C. § 552(a)(4)(E), 28 U.S.C. § 2412(d), or any other applicable law;

~~(4)~~(7) Expedite this action in every way pursuant to 28 U.S.C. § 1657(a); and

~~(5)~~(8) Grant such other relief as the Court may deem just and proper.

_____

11

Date:    ~~August~~ September 2~~4~~, 2025

        Respectfully submitted,

        /s/ Kelly B. McClanahan
        Kelly B. McClanahan, Esq.
        D.C. Bar #984704
        National Security Counselors
        1451 Rockville Pike
        Suite 250
        Rockville, MD  20852
        501-301-4672
        240-681-2189 fax
        Kel@NationalSecurityLaw.org

        *Counsel for Plaintiff*