UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| MSW MEDIA, INC., | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | Civil Action No. 1:25-cv-02518 (BAH) |
| | * | |
| DEPARTMENT OF JUSTICE, | * | |
| | * | |
| Defendant. | * | |
| | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

**PLAINTIFF'S UNOPPOSED MOTION FOR EXPEDITED CONSIDERATION AND JOING PROPOSED BRIEFING SCHEDULE[1]**

Pursuant to 28 U.S.C. § 1657, Plaintiff MSW Media, Inc. ("MSW Media") respectfully requests this Court provide expedited consideration of MSW Media's forthcoming Motion for Partial Summary Judgment, which concerns MSW Media's entitlement to expedited processing of its Freedom of Information Act ("FOIA") request regarding Federal Bureau of Investigation ("FBI") training materials pertaining to the review of records about Jeffrey Epstein ("Epstein"). (1st Am. Compl., Dkt. #7, ¶¶ 25-30 (filed Sept. 4, 2025).) Expedited consideration of MSW Media's Summary Judgment Motion by this Court accords with the directives of both the Federal Courts Civil Priorities Act, 28 U.S.C. § 1657, and FOIA, 5 U.S.C. § 552, and there is "good cause" to expedite consideration here given the "special public interest" in the subject matter of MSW Media's FOIA request. Finally, because the forthcoming motion presents a discrete issue—expedited processing under a single regulatory provision—expedited consideration will not unduly burden Defendant or the Court.

---

[1] This Motion is virtually identical to the motion filed by the plaintiff in a similar case pertaining to records about Jeffrey Epstein, Pl.'s Unopposed Mot. Exp. Consideration & J. Briefing Sched., Dkt. #6, *passim* (filed Aug. 13, 2025), *Democracy Fwd. Found. v. Dep't of Justice*, No. 25-2597 (D.D.C.), which was granted by Judge Chutkan.

First, as a court in this district has noted, the Federal Courts Civil Priorities Act "encourages priority for FOIA cases." *See Comm. on Ways & Means v. U.S. Dep't of the Treasury*, No. 19-1974, 2019 WL 4094563, at *1 (D.D.C. Aug. 29, 2019) (noting that the Act "specif[ies] claims under [FOIA] as an example in which good cause for expediting may exist," before noting that there is "no similar fast-track" "authorized" for the non-FOIA claim then at bar). The text of the Act instructs: "[T]he court shall expedite the consideration of any action . . . if good cause . . . is shown," 28 U.S.C. § 1657(a), and specifically states "'good cause' is shown" "if a right . . . under section 552 of title 5"—which comprises the statutory provisions of FOIA— "would be maintained in a factual context that indicates that a request for expedited consideration has merit." *Id.* Congress intended that this "'good cause' provision be liberally construed by the courts in granting requests for expedited consideration under the Freedom of Information Act." *Ferguson v. FBI*, 722 F. Supp. 1137, 1144 (S.D.N.Y. 1989) (quoting H.R. Rep. No. 98-985, at 6 (1984) [hereinafter Civil Priorities Act Report]); *Brennan Ctr. for Just. at N.Y.U. Sch. Of L. v. Dep't of State*, 300 F. Supp. 3d 540, 547 (S.D.N.Y. 2018) (quoting same).

Second, this is a case where "a right under the . . . [FOIA] would be maintained" by granting expedited court consideration, *see* 28 U.S.C. § 1657(a), because the FOIA instructs agencies to provide for expedited processing of certain FOIA requests. Indeed, the D.C. Circuit has recognized that FOIA's expedited processing provision "underline[s] Congress' recognition of the value in hastening release of certain information." *Edmonds v. FBI*, 417 F.3d 1319, 1324 (D.C. Cir. 2005). Pursuant to FOIA's directive, Defendant Department of Justice ("DOJ") afforded FOIA requesters a right to expedited processing in cases where their requests involve a "matter of widespread and exceptional media interest in which there exist possible questions about the government's integrity that affect public confidence." 28 C.F.R. § 16.5(e)(1)(iv).

Plaintiff's forthcoming motion submits that MSW Media is entitled to expedited processing under this provision as a matter of law. Expedited court consideration of Plaintiff's forthcoming motion would serve the purpose of FOIA in providing for expedited processing: ensuring prompt public access to information on matters of intense public interest that raise concerns about the Government's integrity. *See* 5 U.S.C. § 552(a)(6)(E)(i)(II); 28 C.F.R. § 16.5(e)(1)(iv). By contrast, extended delay in resolving the issue of MSW Media's right to expedited processing under FOIA would defeat the very purpose for which Plaintiff seeks relief.

Third, this case presents "a factual context that indicates that a request for expedited consideration has merit," 28 U.S.C. § 1657(a), given the "special public interest" in the subject matter of MSW Media's FOIA request. Courts construing the "factual context" language of § 1657(a) have explained "Congress contemplated" that "[l]itigants who can persuasively assert that there is a special public or private interest in expeditious treatment of their case will be able to use the general expedition provision." *Freedom Commc'ns, Inc. v. FDIC*, 157 F.R.D. 485, 487 (C.D. Cal. 1994) (quoting Civil Priorities Act Report at 5782). Few topics have received more extraordinary levels of public interest than the Trump Administration's handling of the Epstein matter—the topic of the FOIA request for which MSW Media seeks expedited processing via its forthcoming motion. Media outlets report "[t]he controversy over transparency and accountability in the Epstein investigation remains a focal point for the public, with polls indicating *most Americans*—across party lines—believe the federal government is concealing evidence related to the case." Anna Commander, *Republican Targeted by Trump Says Epstein Issue "Not Going to Go Away,"* Newsweek (July 23, 2025), *available at* https://www.newsweek.com/republican-targeted-trump-says-epstein-issue-not-going-away-

2103191 (last accessed Sept. 16, 2025) (emphasis added)). An issue causing "most Americans" to doubt the veracity of their Government is plainly a matter of "special public interest."

In sum, the Civil Priorities Act instructs courts to expedite consideration of an action if a right under FOIA would be maintained in a factual context where there is a special public interest in expeditious treatment of the case. *See* 28 U.S.C. § 1657(a); Civil Priorities Act Report at 5782. Expedited consideration of MSW Media's forthcoming motion for partial summary judgment by this Court would maintain MSW Media's right to expedited processing of its request under FOIA and would serve the special public interest arising from high-ranking officials' apparent inconsistencies and conflicts of interest in handling a matter concerning the most serious of crimes: sex-trafficking of minors.

Defendant does not oppose this Motion, and the parties jointly agree to the following briefing schedule to resolve the forthcoming dispositive motion:

- Plaintiff's Motion for Partial Summary Judgment: 17 September 2025
- Defendant's Opposition and any Cross-Motion: 17 October 2025
- Plaintiff's Reply and Opposition to any Cross-Motion: 7 November 2025
- Defendant's Reply to any Cross-Motion: 21 November 2025

Further, the parties propose and agree that Defendant's Answer deadline may be held in abeyance until after the Court resolves Plaintiff's Motion for Partial Summary Judgment on the issue of expedited processing.

For the reasons stated herein, MSW Media respectfully requests the Court expedite consideration of its forthcoming motion for partial summary judgment. A proposed order is attached.

Date:   September 16, 2025

                                                              Respectfully submitted,

/s/ Kelly B. McClanahan
Kelly B. McClanahan, Esq.
D.C. Bar #984704
National Security Counselors
1451 Rockville Pike
Suite 250
Rockville, MD  20852
501-301-4672
240-681-2189 fax
Kel@NationalSecurityLaw.org

*Counsel for Plaintiff*