**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| MSW MEDIA Inc., Plaintiff, v. DEPARTMENT OF JUSTICE, Defendant. | Civil Action No. 25-cv-2518 (BAH) |

**MEMORANDUM IN OPPOSITION TO PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT**

**TABLE OF CONTENTS**

INTRODUCTION .......... 1

BACKGROUND .......... 1

I. Statutory and Regulatory Framework .......... 1

A. The FOIA Processing Framework .......... 1

B. DOJ's Expedited Processing Regulatory Framework .......... 3

II. Procedural Background .......... 4

A. MSW's Request for Records and Expedition Request .......... 4

B. MSW's Suit .......... 5

LEGAL STANDARD .......... 6

ARGUMENT .......... 6

PLAINTIFF HAS FAILED TO ESTABLISH A RIGHT TO EXPEDITED PROCESSING .......... 6

I. Review for Entitlement to Expedited Processing is Rigorous and Narrow .......... 6

II. MSW Has Failed to Satisfy the Two Expedited Processing Standards that it Cites .......... 8

A. MSW's Cursory Expedition Request Failed to Meet the Statutory Urgency to Inform the Public Standard .......... 8

B. MSW Has Not Provided a Record Sufficient to Meet the Regulatory Exceptional Media Interest Standard .......... 11

CONCLUSION .......... 14

**TABLE OF AUTHORITIES**

## Cases

*ACLU v. DOJ*,
321 F. Supp. 2d 24 (D.D.C. 2004) .......... 10, 12

**Al-Fayed v. CIA*,
254 F.3d 300 (D.C. Cir. 2001) .......... *passim*

*Brennan Ctr. for Just. at NYU Sch. of L. v. Dep't of Com.*,
498 F. Supp. 3d 87 (D.D.C. 2020) .......... 10, 12

*Citizens for Resp. & Ethics in Wash. v. FEC*, ("*CREW*")
711 F.3d 180 (D.C. Cir. 2013) .......... 2

*Democracy Forward Found., v. DOJ, ("DFF")*
No. 25-cv-2597 (TSC), 2025 WL 3268245 (D.D.C. Nov. 24, 2025) .......... *passim*

**Elec. Priv. Info. Ctr. v. DOD*, ("EPIC I")
355 F. Supp. 2d 98 (D.D.C. 2004) .......... 2, 9, 10

*Elec. Priv. Info. Ctr. v. DOJ*, ("*EPIC III*")
15 F. Supp. 3d 32 (D.D.C. 2014) .......... 3

*Jud. Watch, Inc. v. DHS*,
895 F.3d 770 (D.C. Cir. 2018) .......... 2

*Leadership Conf. on Civ. Rts. v. Gonzales*,
404 F. Supp. 2d 246 (D.D.C. 2005) .......... 6, 10

**Oversight v. DOJ*,
292 F. Supp. 3d 501 (D.D.C. 2018) .......... *passim*

*Protect Democracy Project, v. DOD*,
263 F. Supp. 3d 293 (D.D.C. 2017) .......... 10

*Rolling Stone LLC v. DOJ*,
739 F. Supp. 3d 237 (S.D.N.Y. 2024) .......... 11

*United States v. Mead Corp.*,
533 U.S. 218 (2001) .......... 7

## Statutes

5 U.S.C. § 551 .......... 8

5 U.S.C. § 552 ........ *passim*

Electronic Freedom of Information Act Amendments of 1996,
Pub. L. No. 104-231 § 8, 110 Stat. 3048 (1996) ........ 2

## **Rules**

Fed. R. Civ. P. 56(a) ........ 6

## **Regulations**

28 C.F.R. § 16.5 ........ *passim*

## **Other Authorities**

Nnamdi Egwuonwu, *FBI personnel were told to flag Epstein files mentioning Trump, Senate Democrat says*, NBC News (published July 18, 2025),
Available at https://www.nbcnews.com/politics/congress/fbi-personnel-jeffrey-epstein-filesmentioning-trump-dick-durbin-says-rcna219699 ........ 5, 12

## INTRODUCTION

In the ordinary case, agencies process records requested under the Freedom of Information Act ("FOIA") on a first-in, first-out basis. In extraordinary situations, however, an agency will grant "expedited processing" and process records "as soon as practicable." Expedited processing is, then, the exception to the usual rule. After all, if every request were granted expedited processing, no one would receive its benefit. As a result, the overwhelming majority of requests must remain in the ordinary processing queue and await fulfillment of earlier filed requests.

To this end, Congress concluded that requests for expedition must meet not only a high substantive standard, but a key procedural hurdle as well. A requestor may rely *only* "on the record before the agency" when seeking judicial review of an agency's failure to expedite processing of a request. 5 U.S.C. § 552(a)(6)(E)(iii). This prevents a requestor from submitting a paltry request to the agency and then attempting to supplement that facially deficient request with additional, non-record submissions as part of a motion in federal court.

Plaintiff MSW Media Inc. ("MSW") pursues a judicial grant of expedition despite providing no more than two sentences in support of its request. That is entirely insufficient to justify expedited processing. All told, MSW has not met its burden. Having failed to do so, its motion should be denied.

## BACKGROUND

### I. Statutory and Regulatory Framework

#### A. The FOIA Processing Framework

FOIA directs that federal agencies, "upon any request for records which (i) reasonably describes such records and (ii) is made in accordance with published rules . . . shall make the records promptly available." 5 U.S.C. § 552(a)(3)(A). By regulation and statute, agencies

ordinarily process FOIA requests on a first-in, first-out basis with regularized rules for the processing and production of non-exempt records.

FOIA provides that, in the usual course, an agency shall "determine within 20 days (excepting Saturdays, Sundays, and legal public holidays) after the receipt of any such request whether to comply with such request." *Id.* § 552(a)(6)(A)(i). In cases of "unusual circumstances," the agency may do so within 30 working days. *Id.* § 552(a)(6)(B)(i). Regardless, "[i]f the agency has made and communicated its 'determination' in a timely manner, the requester is required to administratively appeal that 'determination' before bringing suit." *Citizens for Resp. & Ethics in Wash. v. FEC* ("*CREW*"), 711 F.3d 180, 182 (D.C. Cir. 2013). After that administrative appeal is timely resolved, an aggrieved requestor may then seek judicial review. *Jud. Watch, Inc. v. DHS*, 895 F.3d 770, 775 (D.C. Cir. 2018). If the agency does not make a determination within the relevant time period, administrative remedies are deemed exhausted and the requester may file suit. *CREW*, 711 F.3d at 185. But, "so long as 'the agency is exercising due diligence in responding to the request, the court may retain jurisdiction and allow the agency additional time to complete its review of the records.'" *Id.* (quoting 5 U.S.C. § 552(a)(6)(C)(i)).

That is the standard process. In 1996, however, Congress amended FOIA to provide for "expedited processing" of certain categories of requests. *See* Electronic Freedom of Information Act Amendments of 1996 ("EFOIA"), Pub. L. No. 104-231, § 8, 110 Stat. 3048, 3051–52 (1996) (codified at 5 U.S.C. § 552(a)(6)(E)). Expedition, when granted, entitles requesters to move ahead of the ordinary processing queue, but behind earlier-filed expedited requests. *See Elec. Priv. Info. Ctr. v. DOD* ("*EPIC I*"), 355 F. Supp. 2d 98, 104 (D.D.C. 2004).

When creating this expedition procedure, Congress directed agencies to promulgate regulations providing for expedited processing of requests for records (i) "in cases in which the

person requesting the records demonstrates a compelling need," 5 U.S.C. § 552(a)(6)(E)(i)(I); and (ii) "in other cases determined by the agency." *Id.* § 552(a)(6)(E)(i)(II). The first category, compelling need, means:

> (I) that a failure to obtain requested records on an expedited basis under this paragraph could reasonably be expected to pose an imminent threat to the life or physical safety of an individual; or
>
> (II) with respect to a request made by a person primarily engaged in disseminating information, urgency to inform the public concerning actual or alleged Federal Government activity.

*Id.* § 552(a)(6)(E)(v); *see Elec. Priv. Info. Ctr. v. DOJ* ("*EPIC III*"), 15 F. Supp. 3d 32, 43 n.6 (D.D.C. 2014). The present summary judgment motion deals with the second compelling need category, involving urgency to inform the public, as well as the category involving other cases determined by the agency. *See Oversight v. DOJ*, 292 F. Supp. 3d 501, 505 (D.D.C. 2018).

If a request for expedition is granted, "[a]n agency shall process as soon as practicable any request for records to which the agency has granted expedit[ion]." 5 U.S.C. § 552(a)(6)(E)(iii). If denied, a requestor may seek relief in federal court. For expedited processing specifically, requestors may challenge a denial or failure to grant expedition after 10 days and "judicial review shall be based on the record before the agency at the time of the determination." *Id.*

**B. DOJ's Expedited Processing Regulatory Framework**

Pursuant to EFOIA, DOJ has promulgated regulations to govern its consideration of expedition requests. 28 C.F.R. § 16.5(e). The Department permits requests for expedited processing to be made at any time. *Id.* § 16.5(e)(2). The burden is on the requester to "submit a statement, certified to be true and correct, explaining in detail the basis for making the request for expedited processing." *Id.* § 16.5(e)(3). Any component of the Department considering a request is given 10 calendar days from "the receipt of a request for expedited processing" to communicate

its decision. *Id.* § 16.5(e)(4). As EFOIA requires, the grant of expedited processing means the underlying request "shall be given priority, placed in the processing track for expedited requests, and shall be processed as soon as practicable." *Id.*

DOJ has specified two circumstances in which expedited processing is permissible outside the compelling need standard. *See id.* § 16.5(e)(1)(iii)–(iv). As relevant here, the Department permits expedited processing for a "matter of widespread and exceptional media interest in which there exist possible questions about the government's integrity that affect public confidence." *Id.* § 16.5(e)(1)(iv). "The Department has interpreted subsection (iv) to require that the same matter that draws widespread and exceptional media interest must be the matter in which there exists possible questions about the government's integrity that affect public confidence." *Oversight*, 292 F. Supp. 3d at 505 (citations omitted). The Department's Director of the Office of Public Affairs ("OPA") processes requests relying on the widespread and exceptional media interest standard. 28 C.F.R. § 16.5(e)(2).

## II. Procedural Background

### A. MSW's Request for Records and Expedition Request

In its FOIA request, MSW asked for "all videos stored on Sharepoint (on the unclassified side) or Sharepoint or BuTube (on the classified side) which were created or used to train FBI personnel in how to review records about Jeffrey Epstein." Pl.'s Statement of Undisputed Material Facts ¶ 1 (quoting "FOIA Request, attached as Ex. A").[1] MSW states that it provided the following

[1] MSW cites and quotes its FOIA request in its memorandum in support of its motion for summary judgment. Pl.'s Mem. In Supp. Partial Mot. Summ. J. ("MSJ") at 1 (citing "FOIA Request at 2, attached as Ex. A"), ECF No. 9 at 2-13. The request, however, does not appear as an exhibit, which includes only a motion, memorandum, statement of undisputed material facts, and a proposed order. *See id.* at ECF No. 9 at 1-15; ECF No. 9-1 at 1. Nor is any version of the request attached to the Complaint, *see* ECF No. 1, nor is one attached to the Amended Complaint,

"brief" information in its request, the first paragraph of which was in support of a fee waiver and the second paragraph of which was in support of expedited processing:

> MSW Media (https://mswmedia.com/) operates numerous podcasts and blogs about federal government operations, including Mueller She Wrote, SpyTalk, Daily Beans, and Jack. It will clearly use its editorial skills to translate disclosed records into new material. Given the intense public and media interest in both the Epstein files themselves and the steps taken by FBI to review them, *see e.g.* https://www.nbcnews.com/politics/congress/fbi-personnel-jeffrey-epstein-filesmentioning-trump-dick-durbin-says-rcna219699, these videos will significantly increase public understanding of government operations. . . .
>
> The ongoing story of how FBI and DOJ reviewed the Epstein records is one of the most newsworthy and fast-developing topics in the news today. MSW Media has a pressing need to report on these videos and shed light on FBI's role in this matter, which raises significant questions of government misconduct.

MSJ at 2; Request at 1-2. MSW does not allege that it provided any further statements in support of expedition. MSJ at 2. And its request did not include anything further in support. Request at 1-2.

**B. MSW's Suit**

MSW filed suit on August 2. Compl., ECF No. 1. MSW filed an Amended Complaint on September 4. Am. Compl., ECF No. 7. In that Amended Complaint, MSW alleges that Defendant constructively denied expedited processing, constructively denied classification of MSW as a member of the news media, constructively denied a fee waiver, and constructively denied MSW records sought in its request. *Id.* ¶¶ 24-47.

MSW then moved for partial summary judgment on only the claim that Defendant

---

ECF No. 7. For ease, Defendant includes the request as an exhibit to this opposition. Request, ECF No. 11-1.

constructively denied expedited processing. MSJ at 1.[2] MSW alleges that expedition is proper under both the compelling need standard for "urgency to inform the public" as well as DOJ's "exceptional media interest" regulation.

## LEGAL STANDARD

Summary judgment is appropriate only "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). So summary judgment requires that "the motion papers, affidavits, and other submitted evidence demonstrate that no genuine issue of material fact exists and that the moving party is entitled to judgment as a matter of law." *Leadership Conf. on Civ. Rts. v. Gonzales*, 404 F. Supp. 2d 246, 252 (D.D.C. 2005).

## ARGUMENT

## PLAINTIFF HAS FAILED TO ESTABLISH A RIGHT TO EXPEDITED PROCESSING

### I. Review for Entitlement to Expedited Processing is Rigorous and Narrow

As an initial matter, MSW has the burden to show that expedition is appropriate. *See Al-Fayed v. CIA*, 254 F.3d 300, 305 n.4 (D.C. Cir. 2001). And a plaintiff may only meet its burden by relying on the "record before the agency at the time of the determination." 5 U.S.C. § 552(a)(6)(E)(iii). Since MSW filed this suit on August 2, treating the passage of ten days as a constructive denial of expedited processing, the Court may consider only the submissions MSW made prior to that date. *Democracy Forward Found., v. DOJ* ("*DFF*"), No. 25-cv-2597 (TSC), 2025 WL 3268245, at *1 (D.D.C. Nov. 24, 2025) ("In reviewing requests for expedited processing,

[2] The Court granted MSW's unopposed motion for expedited consideration by this Court, setting a schedule for Defendants' opposition and Plaintiff's reply. Pl.'s Unopposed Mot. for Expedited Consideration, ECF No. 8; Minute Order (Sep. 16, 2025).

the court is limited to 'the record before the agency at the time' of the denial or constructive denial." (quoting 5 U.S.C. § 552(a)(6)(E)(iii))).

Moreover, depending on the basis of a plaintiff's request, review of the constructive denial will be with or without deference. Failure to grant expedited processing under the compelling need standard, 5 U.S.C. § 552(a)(6)(E)(i)(I), is reviewed de novo. *See Al-Fayed*, 254 F.3d at 307. But expedited processing decisions under an agency's regulations promulgated through the "in other cases determined by the agency" authority, 5 U.S.C. § 552(a)(6)(E)(i)(II), is reviewed deferentially as it involves an agency's own regulations. *See Al-Fayed*, 254 F.3d at 307 n.7. One of the relevant expedition standards that MSW invokes, 28 C.F.R. § 16.5(e)(1)(iv), was created pursuant to the latter statutory basis. As a result, the Court should review that portion of the constructive denial more deferentially than it would one for lack of compelling need. *See Oversight*, 292 F. Supp. 3d at 506 ("[C]ourts grant deference to regulations promulgated pursuant to the second, discretionary prong.").

The reason for deference is simple. The Department chose to add an extra category permitting expedited processing based on an "express delegation of authority." *Al-Fayed*, 254 F.3d at 307 n.7 (citing *United States v. Mead Corp.*, 533 U.S. 218, 227 (2001)). The result of that delegation is flexibility. *Oversight*, 292 F. Supp. 3d at 506. For example, consistent interpretations of the regulation by the Department are owed deference. *Id.* at 507. Courts also defer to the reasonableness of any decision by an agency pursuant to an expedition category promulgated under the "other cases" authority. *See Al-Fayed*, 254 F.3d at 307 n.7.

And under either de novo or deferential review, expedition decisions call for "a narrow application" of the relevant categories. *See id.* at 310. "Given the finite resources generally available for fulfilling FOIA requests, unduly generous use of the expedited processing procedure

would unfairly disadvantage other requestors who do not qualify for its treatment." *Id.* (citation omitted). "[A]n unduly generous approach would also disadvantage those requestors who do qualify for expedition, because prioritizing all requests would effectively prioritize none." *Id.* (summarizing legislative findings). This is based on both fairness to other requestors and acknowledgement of agencies' limited capabilities. *Id.*

## II. MSW Has Failed to Satisfy the Two Expedited Processing Standards that it Cites

In support of its request for expedited processing, MSW cites two standards. First, it cites a portion of the compelling need standard, which requires that MSW establish, on the record before the agency, that it is a "person primarily engaged in disseminating information" with an "urgency to inform the public concerning actual or alleged Federal Government activity." 5 U.S.C. § 552(a)(6)(E)(v)(II); *see id.* § 551(2) (stating that person "includes an individual, partnership, corporation, association, or public or private organization other than an agency"). Alternatively, MSW must establish, on the record before the agency, that its request seeks records for a "matter of widespread and exceptional media interest in which there exist possible questions about the government's integrity that affect public confidence." 28 C.F.R. § 16.5(e)(1)(iv). MSW has failed to establish eligibility for expedition under either standard. The Court should accordingly deny its motion for summary judgment.

### A. MSW's Cursory Expedition Request Failed to Meet the Statutory Urgency to Inform the Public Standard

MSW has failed to establish the statutory urgency to inform the public standard. *See* 5 U.S.C. § 552(a)(6)(E)(v)(II). That compelling need criteria supports expedited processing when a "person primarily engaged in disseminating information" demonstrates an "urgency to inform the public concerning actual or alleged Federal Government activity." *Id.* On the required "narrow

application," based on the record before the agency, MSW cannot meet its burden. *Al-Fayed*, 254 F.3d at 310-11.[3]

In denying expedition in *Al-Fayed*, the leading case on this criteria, the Circuit articulated three factors guiding an urgency analysis. "(1) whether the request concerns a matter of current exigency to the American public; (2) whether the consequences of delaying a response would compromise a significant recognized interest; and (3) whether the request concerns federal government activity." *Id.* at 310. The government does not dispute that MSW's request facially concerns federal government activity. But as to prongs one and two, MSW provided far too little material to justify expediting its request.

First and foremost, the record before the agency does not support MSW's request as involving a "a matter of current exigency to the American public." In its entirety, the expedition portion of the request states:

> The ongoing story of how FBI and DOJ reviewed the Epstein records is one of the most newsworthy and fast-developing topics in the news today. MSW Media has a pressing need to report on these videos and shed light on FBI's role in this matter, which raises significant questions of government misconduct.

Request at 2. And in a separate portion of the request seeking a fee waiver, MSW cited a single news article. *Id.* Together, that information comprises the total record provided.

MSW's summary statement and single article cannot be sufficient. Indeed, other cases litigating urgency involve substantially more articles and evidence, with the dispute being whether the media interest was sufficiently related to the topic of the request. *See Al-Fayed*, 254 F.3d at 311 ("There is no evidence in the record that there is substantial interest, either on the part of the American public or the media, in this particular aspect of plaintiffs' allegations."); *EPIC I*, 355 F.

[3] Defendant accepts for purposes of this motion that MSW is a person primarily engaged in disseminating information.

Supp. 2d at 102 ("The case law makes it clear that only public interest in the specific subject of a FOIA request is sufficient to weigh in favor of expedited treatment."); *see, e.g.*, *ACLU v. DOJ*, 321 F. Supp. 2d 24, 29-30 (D.D.C. 2004) (citing a handful of newspaper articles and editorials submitted on the record); *Gonzales*, 404 F. Supp. 2d at 260 (citing a record before the agency "full of news reports and magazine articles"). To be successful, a typical request includes documentation that "some of the nation's most prominent news outlets . . . paid [attention] both to the [action at issue] and [the particular subject matter of the request]" to establish that the specific subject matter of the records sought satisfies the statutory criteria. *See Protect Democracy Project, v. DOD*, 263 F. Supp. 3d 293, 299 (D.D.C. 2017). MSW did nothing like that here.

For similar reasons, MSW has also not shown the required compromise of a significant recognized interest. "The public's right to know, although a significant and important value, would not by itself be sufficient to satisfy this standard." *See Al-Fayed*, 254 F.3d at 310 (citation omitted). Instead, MSW had to provide, through its request, something more to justify expedited processing. But MSW rested its request on an abstract and generalized assertion of "public and media interest" or "pressing need to report." Request at 1-2. *Contra Brennan Ctr. for Just. at NYU Sch. of L. v. Dep't of Com.*, 498 F. Supp. 3d 87, 98-99 (D.D.C. 2020) ("[T]he 2020 census and reapportionment processes are currently unfolding stories about federal government activity that are now the subject of public debate and discussion[.]"); *Protect Democracy I*, 263 F. Supp. 3d at 299 ("[I]nformation vital to the current and ongoing debate surrounding the legality of a high-profile government action[.]" (citation omitted)). Because MSW's request before the agency failed to identify and support any significant recognized interest justifying expedition, MSW fails that prong of the urgency analysis as well.

MSW's motion for summary judgment highlights the lack of record support. MSW does not even try and justify its entitlement to expedition based on the record before the agency. Instead, in this Court, MSW provides various new article citations and descriptions of events that it believes would demonstrate exigency. MSJ at 4-7. But none of that information was provided in MSW's request. Request at 1-2. So it cannot be considered now. *See DFF*, 2025 WL 3268245, at *1 (rejecting consideration of "recent Congressional activity and media coverage" because "the court cannot and will not consider it" under the statutory bar of non-record consideration).

The record before the agency of exactly one news article and two substantive unsupported sentences cannot succeed under the multi-prong "narrow" standard set out by the D.C. Circuit. *Al-Fayed*, 254 F.3d at 310-11. The Court should accordingly reject expedition under the urgency to inform criteria.

### B. MSW Has Not Provided a Record Sufficient to Meet the Regulatory Exceptional Media Interest Standard

MSW's request also failed to establish a record sufficient to meet the regulatory exceptional media interest standard. By its text, 28 C.F.R. § 16.5(e)(1)(iv) requires that a requestor make two showings. First, a requestor must show that there was, in fact, a widespread and exceptional media interest focused on the matter encompassed in the requested records. Second, the record must demonstrate that there are possible questions about the government's integrity that affect public confidence. Ultimately, "[i]t is not sufficient that the request concerns an individual as to whom there is widespread and exceptional media interest." *Rolling Stone LLC v. DOJ*, 739 F. Supp. 3d 237, 244 (S.D.N.Y. 2024). Instead, the request must both be about a relevant media interest and the request must pertain to the questions about government integrity affecting public confidence. *See id.*

DOJ has long interpreted its regulation to require that "the matter of widespread public attention also be the matter in which possible questions about the government's integrity that affect public confidence exist." *Oversight*, 292 F. Supp. 3d at 507 (citations omitted). "The primary way to determine whether such possible questions exist is by examining the state of public coverage of the matter at issue, and whether that coverage surfaces possible ethics issues so potentially significant as to reduce public confidence in governmental institutions." *Id.* at 508.

Starting with the widespread and exceptional media interest requirement. MSW has failed to establish a record of sufficient media coverage. "[C]ourts in this District consider (1) the number of articles cited in the expedited processing request, (2) the dates those articles were published, (3) whether those articles were published in a variety of publications, and (4) whether those articles indicate that there is widespread national attention on the issue." *DFF*, 2025 WL 3268245, at *5 (collecting cases). MSW cited no articles in the portion of its request dealing with expedited processing and a single article in a separate portion requesting a fee waiver. Request at 1-2. That article came from a single news outlet, published four days prior to MSW's FOIA request, and focused on questions raised by a single senator. Nnamdi Egwuonwu, *FBI personnel were told to flag Epstein files mentioning Trump, Senate Democrat says*, NBC News (published July 18, 2025).[4]

That single article cannot suffice. Even at the lowest ebb, courts granting expedition in this District have required at least a "handful" of news items in a "variety" of national publications to justify exceptional and widespread media interest—alongside "incorporat[ing] by reference [an] earlier Patriot Act FOIA request that cited over a dozen additional news articles." *See ACLU*, 321

[4] Available at https://www.nbcnews.com/politics/congress/fbi-personnel-jeffrey-epstein-filesmentioning-trump-dick-durbin-says-rcna219699.

F. Supp. 2d at 32 ("Although plaintiffs presented only a handful of articles, they were published in a variety of publications, and repeatedly reference the ongoing national discussion about the Patriot Act and section 215."); *see also Brennan Ctr. for Just.*, 498 F. Supp. 3d at 97 ("The Brennan Center's submissions to the agencies cite more than fifty recent articles from a variety of sources on the census, reapportionment, and the potential use of citizenship data in this process[.]"). MSW's lone article demonstrates neither "widespread" nor "exceptional" coverage of the topic undergirding its FOIA request.

Plaintiff's choice not to provide more than a single news report also dooms a showing of possible questions about the government's integrity that affect public confidence. "The primary way to determine whether such possible questions exist is by examining the state of public coverage of the matter at issue, and whether that coverage surfaces possible ethics issues so potentially significant as to reduce public confidence in governmental institutions." *Oversight*, 292 F. Supp. 3d at 508. MSW did not provide a record of coverage sufficient to establish the possible questions required.

Once again, MSW's motion affirms the lack of sufficient record evidence. To establish the possible questions prong, MSW cites various website links, not included in its request, that purportedly raise the required questions. MSJ at 8-10. But Congress barred use of such post hoc, extra-record evidence in this context. 5 U.S.C. § 552(a)(6)(E)(iii). The Court cannot consider it. *DFF*, 2025 WL 3268245, at *1. And standing just on the record that was before the agency, MSW's request was insufficient.

* * *

MSW chose to submit a cursory expedition request. It did so despite the prevailing standards required by the expedition criteria it relies on. For urgency to inform the public, MSW

was required to provide "evidence in the record that there is substantial interest, either on the part of the American public or the media, in this particular aspect of plaintiffs' allegations." *See Al-Fayed*, 254 F.3d at 311. It did not do so. And for the exceptional media interest standard, MSW declined to provide the kind of evidence necessary to establish such media interest. Without that evidence, submitted at the time of the request, the Court cannot, by definition, conclude that media interest is "widespread" and "exceptional." As a result, expedition must be denied.

**CONCLUSION**

For the foregoing reasons, the Court should deny MSW's partial motion for summary judgment.

Dated: December 9, 2025

Respectfully submitted,

BRETT A. SHUMATE
Assistant Attorney General, Civil Division

ELIZABETH J. SHAPIRO
Deputy Branch Director

*/s/ Jason K. Altabet*

JASON K ALTABET
Trial Attorney (Md. Bar No. 2211280012)
Federal Programs Branch
U.S. Department of Justice, Civil Division
1100 L St. NW
Washington, DC 20005
Tel: (202) 305-0727
Email: jason.k.altabet2@usdoj.gov

*Counsel for Defendant*