UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| MSW MEDIA, INC., | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | Civil Action No. 1:25-cv-02518 (BAH) |
| | * | |
| DEPARTMENT OF JUSTICE, | * | |
| | * | |
| Defendant. | * | |
| | * | |

* * * * * * * * * * * * *

**PLAINTIFF'S REPLY MEMORANDUM IN SUPPORT OF**
**ITS MOTION FOR PARTIAL SUMMARY JUDGMENT**

According to Lexis-Nexis, 4,631 documents identified as "News" including the terms "Jeffrey Epstein" and either "Department of Justice" or "Federal Bureau of Investigation" were written in the six-month period between the inauguration of President Trump ("Trump") on 20 January 2025 and the Federal Bureau of Investigation's ("FBI") receipt of MSW Media, Inc.'s ("MSW Media") Freedom of Information Act ("FOIA") request on 22 July 2025.[1] Of those 4,631 documents:

- 2,314 (almost exactly 50%) were U.S. publications;
- 649 (14%) were transcripts of newscasts;
- 1,685 (37%) were newspapers;
- 519 (11%) were podcasts;
- 1,151 (25%) were web-based publications; and

---

[1] This result and the subsequent breakdown were accomplished by conducting a Boolean search ("Jeffrey Epstein" AND ("Department of Justice" OR "Federal Bureau of Investigation")) and then narrowing the results to the "News" category and applying a temporal limitation. A Boolean search of Google limited to "News" and the relevant time period yielded "About 35,100 results" and can be viewed at https://perma.cc/B36C-7DHJ.

- 2,607 (56%) included the phrase "Epstein files."

Against this backdrop, FBI asks this Court to accept without question that the "record before the agency at the time of the determination" (Def.'s Mem. Opp'n Pl.'s Mot. Part. Summ. J., Dkt. #11, at 6 (filed Dec. 9, 2025) [hereinafter FBI's Opp'n] (quoting 5 U.S.C. § 552(a)(6)(E)(iii))) was limited to three sentences and a citation to "a single news article." (*Id.* at 9.) FBI asks too much, and this Court should soundly reject its request that the Court should fully bury its head in the sand in the name of "artificial nescience," *Oberlander v. Am. Gen. Life Ins. Co.*, 607 F. Supp. 3d 274, 277 (E.D.N.Y. 2022). The fact that the Court's review is limited to the record before the agency in no way equates to a conclusion that the record before the agency *is limited to materials provided by the requester*.

Nor should the Court deny itself the benefit of what is effectively "common knowledge," simply because MSW Media did not spell it out in its request. Over fifty years ago, this Circuit stated, "[W]e cannot shut our eyes to matters of public notoriety and general cognizance. When we take our seats on the bench we are not struck with blindness, and forbidden to know as judges what we see as men." *Edwards v. Habib*, 397 F.2d 687, 701 (D.C. Cir. 1968) (quoting *Ho Ah Kow v. Nunan*, 12 F. Cas. 252, 255 (1879)). Three years ago, Justices Gorsuch and Sotomayor observed that judges "should not be ignorant as judges of what [they] know to be true as citizens." *United States v. Zubaydah*, 595 U.S. 195, 238 (2022) (Gorsuch, J., dissenting) ("Ending this suit may shield the government from some future modest measure of embarrassment. But, respectfully, we should not pretend it will safeguard any secret."), quoting *Watts v. Indiana*, 338 U.S. 49, 52 (1949).

This case squarely highlights the problem with FBI's narrow reading of the scope of the "record before the agency." MSW Media requested records about a topic universally considered

to be newsworthy, at a time when media outlets across the country were publishing stories about it. No FBI official could reasonably be expected to be ignorant of the widespread media interest in the "Epstein files," especially since, according to reports, most or all of the FBI FOIA office was tasked with reviewing them for release. The videos being requested *in this request* were created by the FBI FOIA office. Despite all of this overwhelming evidence, FBI asks this Court to conclude that it had no way of knowing whether expedited processing was warranted because MSW Media's request did not explicitly cite the news articles by name.

The Court should follow the lead of the 2020 decision in *Citizens for Responsibility & Ethics in Washington v. DOJ* when evaluating FBI's arguments. In that case, Judge Jackson held that, since the Court is limited to the record before the agency in expedited processing cases, the usual Administrative Procedure Act rules apply to the agency decisionmaking process, such that, as here, an agency's "mere recitation of the language in the [agency] provision on expedited review does not suffice as a reasoned explanation for its denial of [an expedited processing] request." 436 F. Supp. 3d 354, 359 (D.D.C. 2020). Judge Jackson concisely explained:

> [A]s the Supreme Court has emphasized, "courts retain a role, and an important one, in ensuring that agencies have engaged in reasoned decisionmaking." *Judulang v. Holder*, 565 U.S. 42, 53 . . . (2011). Thus, in this context as in others, an agency is required to offer an adequate explanation for its actions so that a court is able to "evaluate the agency's rationale at the time of the decision." *Pension Benefit Guar. Corp. v. LTV Corp.*, 496 U.S. 633, 654 . . . (1990). Put simply, "the agency must explain why it decided to act as it did." *Butte Cty. v. Hogen*, 613 F.3d 190, 194 . . . (D.C. Cir. 2010). And, pursuant to the FOIA statute, judicial review of an agency's decision to grant or deny a request for expedited processing "shall be based on the record before the agency at the time of the determination." 5 U.S.C. § 552(a)(6)(E)(iii). . . .
>
> The agency responded [to plaintiff's request for expedited processing] with a single sentence: "CREW's FOIA request is not a matter in which there exist possible questions about the government's integrity that affect public confidence." Since the agency did nothing more than parrot its own regulatory language, and offered no reasoning or analysis, its decision, as in the APA context, is entitled to little deference. *See State Farm*, 463 U.S. at 43 (explaining that while the scope of

3

>judicial review of agency action is "narrow and a court is not to substitute its judgment for that of the agency[,] [n]evertheless, the agency must . . . articulate a satisfactory explanation for its action including a rational connection between the facts found and the choice made") (internal citation omitted). . . .
>
>Here, CREW stated in its request that the Attorney General of the United States had mischaracterized some of the core conclusions contained in a report of great public significance, written by the Department's own duly appointed Special Counsel, in advance of its public release. . . . Since DOJ provided no explanation for its flat assertion to the contrary, it does not stand up to judicial review.

*Id.* at 360-61.

In this case, FBI *never even made an administrative decision*. The first time it provided *any* determination was in its opposition brief, and it provided no declaration to support that determination. The Court should follow Judge Jackson's lead and find that DOJ failed to meet its evidentiary burden. Should FBI attempt to provide a belated "explanation" presented in a declaration describing the alleged infirmities in MSW Media's request, the Court should decline any such effort to expand the record beyond "the record before the agency at the time of the determination," 5 U.S.C. § 552(a)(6)(E)(iii), unless FBI provides evidence that the purported reasons were actually considered at some time in the administrative process, which will entail providing the *entire* administrative record and not just the correspondence. The FOIA statute does not restrict the Court's review to "the parts of the record before the agency that the agency selectively chooses to produce"; it requires that the Court consider the *entire record before the agency*. *See, e.g., Brown v. U.S. Patent & Trademark Ofc.*, 445 F. Supp. 2d 1347, 1354 (M.D. Fla. 2006) (holding in a fee waiver context that administrative record—which "includes Plaintiff's e-mailed FOIA requests, letters from USPTO to Plaintiff, e-mails, memoranda, and handwritten notes made by USPTO employees in processing Plaintiff's requests, the documents provided by the USPTO in response to Plaintiff's first FOIA request, the USPTO estimate of charges for processing Plaintiff's second FOIA request and denial of his fee waiver request,

Plaintiff's letter appealing that decision with three attachments, and the USPTO denial of Plaintiff's appeal"—was sufficient because it "appears to contain documents which would be prepared or assembled in the normal course of evaluating a FOIA fee waiver request").

Accordingly, the Court cannot perform an adequate *de novo* review of any expedited processing determination without the agency first presenting all of its evidence that it made the correct determination, and if FBI maintains that MSW Media's request is the extent of the administrative record, the Court must conclude that no other admissible evidence exists to support the contention that FBI considered *any* applicable facts at the time of the determination.

FBI makes several other arguments in opposition to this Motion, but all of them are solidly predicated on the Court's acceptance of the dubious contention that it must assume in the absence of evidence to the contrary that the FBI FOIA office remained completely ignorant of the unprecedented level of media interest in the "Epstein files" and that no FOIA officer involved in the determination at issue—if such a determination was even *made* by a FOIA officer—relied on *any* other information besides the three sentences provided in MSW Media's request. Such a conclusion would effectively allow agencies to feign complete ignorance of even the most profound national debates solely because a requester failed to explicitly spell out why Jeffrey Epstein is newsworthy, with prolific citations.[2]

---

[2] FBI correctly notes that the undersigned failed to attach the relevant FOIA correspondence to this Motion, and he apologizes for the oversight. Since FBI has attached the request as its own exhibit and does not contest MSW Media's classification as a representative of the news media, he will not burden the Court further by attaching it hereto.

Date:   December 30, 2025

                                              Respectfully submitted,

                                              /s/ Kelly B. McClanahan
                                              Kelly B. McClanahan, Esq.
                                              D.C. Bar #984704
                                              National Security Counselors
                                              1451 Rockville Pike
                                              Suite 250
                                              Rockville, MD  20852
                                              501-301-4672
                                              240-681-2189 fax
                                              Kel@NationalSecurityLaw.org

                                              *Counsel for Plaintiff*