**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| MSW MEDIA, INC., | |
| Plaintiff, | Civil Action No. 25-2518 (BAH) |
| v. | Judge Beryl A. Howell |
| DEPARTMENT OF JUSTICE, | |
| Defendant. | |

**<u>MEMORANDUM AND ORDER</u>**

Plaintiff MSW Media, Inc., a company that produces political podcasts and blogs, submitted a Freedom of Information Act ("FOIA") request to the Federal Bureau of Investigation, ("FBI"), a component of defendant Department of Justice ("DOJ"), for "videos . . . used to train FBI personnel in how to review records about Jeffrey Epstein," and requested that the FBI process the request on an expedited basis. Am. Compl. ¶¶ 3, 25-26, ECF No. 7. The FBI made no determination on the expedition request within 10 days. *Id.* ¶ 29. This silence prompted plaintiff to file this suit, alleging the FBI had improperly and constructively denied the expedition request through delay, *id.* ¶¶ 28-30; *see also* Compl. ¶ 30-32, ECF No. 1, which allegation was subsequently amended to add allegations that the FBI constructively denied plaintiff's request to be treated as a media entity entitled to a fee waiver and to respond to the FOIA request at all, Am. Compl. ¶¶ 31-47. Despite the distraction and delay to concluding a lawsuit that may arise from piecemeal dispositive motions as to only some, rather than all, of the pending claims, plaintiff now moves for partial summary judgment only as to the claim challenging the FBI's treatment of the request for expedited processing. Pl.'s Mot. for Partial Summ. J. ("Pl.'s Mot."), ECF No. 9; Pl.'s

1

Mem. in Support of Mot. for Partial Summ. J. ("Pl.'s Mem."), ECF No. 9 at 2. For the reasons explained below, plaintiff's motion is denied.

## I.   BACKGROUND

On July 22, 2025, plaintiff, a self-described "media business" that "operates multiple podcasts and blogs about federal government operations," Am. Compl. ¶ 3, filed a FOIA request with the FBI, requesting "all videos . . . which were created or used to train FBI personnel in how to review records about Jeffrey Epstein," *id.* ¶ 25. In the same record request, plaintiff requested expedited processing, justifying this request by stating only and in full:

> The ongoing story of how FBI and DOJ reviewed the Epstein records is one of the most newsworthy and fast-developing topics in the news today. MSW Media has a pressing need to report on these videos and shed light on FBI's role in this matter, which raises significant questions of government misconduct.

Am. Compl. ¶ 26; Def.'s Opp'n to Mot. for Partial Summ. J. ("Def.'s Opp'n"), ECF No. 11, Ex. A, Pl.'s FOIA Request at 3, ECF No. 11-1. When, ten days later, on August 2, 2025, the FBI had not made a determination as to plaintiff's expedited processing request, plaintiff filed this suit, alleging that the FBI had constructively denied plaintiff's request for expedited processing. *See* Compl.[1] The following month, before defendant's deadline for filing an answer, plaintiff filed an Amended Complaint adding to the existing count alleging the FBI's constructive denial of expedition, Am. Compl. ¶¶ 24-30 (Count II), claims alleging the FBI's constructive denial of treating plaintiff as a news media entity, Am. Compl. ¶¶ 31-37 (Count III), constructive denial of a fee waiver, *id.* ¶¶ 38-41 (Count IV), and constructive denial of plaintiff's entire FOIA request, *id.* ¶¶ 42-47 (Count V).

---

[1] This original complaint also contained a claim, in Count I, alleging that the DOJ's Office of Information Processing ("OIP") constructively denied expedition of another FOIA request plaintiff had submitted on July 17, 2025, Compl. ¶¶ 17-25, but that claim was dropped in the Amended Complaint, which left Count I blank "to preserve the numbering of counts in this filing," Am. Compl. ¶ 23.

Plaintiff then moved for partial summary judgment only as to Count II, alleging constructive denial by the FBI of plaintiff's request to expedite processing of its FOIA request. Pl.'s Mot. This is the motion now pending before the Court. Simultaneously with filing this motion with the goal of seeking expeditious treatment of the plaintiff's FOIA request, plaintiff also made the puzzling proposal for delay by seeking a stay of the deadline for defendant to answer the Amended Complaint "until after the Court resolves Plaintiff's Motion for Partial Summary Judgment," Pl.'s Unopposed Mot. for Expedited Briefing Schedule at 4 ("Pl.'s Expedite Mot."), ECF No. 8, thereby effectively delaying the beginning of court-supervised productions by defendant, pending resolution of the instant motion. After being briefed on an "expedited" schedule proposed by plaintiff—though the schedule actually provided longer timespans for each responsive brief than the standard briefing schedule, *see* Minute Order (Sept. 16, 2025) (entering schedule proposed by parties)—and some delays related to the lapse in federal government appropriations in fall of 2025, that partial summary judgment motion is now ripe for resolution.

## II.    LEGAL STANDARD

Summary judgment may be granted only if "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). "A fact is material if it 'might affect the outcome of the suit under the governing law,' and a dispute about a material fact is genuine 'if the evidence is such that a reasonable jury could return a verdict for the nonmoving party.'" *Steele v. Schafer*, 535 F.3d 689, 692 (D.C. Cir. 2008) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)).

The moving party bears the initial burden of demonstrating the absence of a genuine dispute as to any material fact. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Once the moving party has met this burden, the non-moving party must point to "specific facts showing that

there is a genuine issue for trial." *Id.* at 324 (internal quotation marks omitted). Both the movant and nonmovant must support their respective positions by "citing to particular parts of materials in the record" or by "showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." FED. R. CIV. P. 56(c)(1)(A)-(B).

The D.C. Circuit has noted that "[t]he vast majority of FOIA cases can be resolved on summary judgment." *Citizens for Resp. & Ethics in Wash. v. DOJ*, 58 F.4th 1255, 1272 (D.C. Cir. 2023) (Sentelle, J., concurring) (alteration in original) (quoting *Evans v. Fed. Bureau of Prisons*, 951 F.3d 578, 584 (D.C. Cir. 2020) (quoting *Brayton v. Off. of the U.S. Trade Representative*, 641 F.3d 521, 527 (D.C. Cir. 2011))). FOIA requestors may seek expedited processing of their request pursuant to FOIA's express expedition requirements or agency regulations supplementing the situations in which expedited processing is required. 5 U.S.C. § 552(a)(6)(E). If such a request is granted, the agency must produce the records "as soon as practicable," *id.* § 552(a)(6)(E)(iii), although courts may set specific deadlines for production, *Payne Enters., Inc. v. United States*, 837 F.2d 486, 494 (D.C. Cir. 1988) ("FOIA imposes no limits on courts' equitable powers in enforcing its terms."). An agency's denial or constructive denial of an expedition request is reviewed *de novo*, *Al-Fayed v. CIA*, 254 F.3d 300, 301 (D.C. Cir. 2001), "based on the record before the agency at the time of the determination," 5 U.S.C. § 552(a)(6)(E)(iii). Whereas "the burden is on the agency to sustain" *denial* of a FOIA request or withholding of records altogether, 5 U.S.C. § 552(a)(4)(B), for expedition requests, "it is 'the person requesting the records' who must 'demonstrat[e] a compelling need' for expedition," *Al-Fayed*, 254 F.3d at 305 n.4 (alteration in original) (quoting 5 U.S.C. § 552(a)(6)(E)(i)(I)); *see also* H.R. REP. No. 104-795, at 25 (1996) ("The requestor would bear the burden of showing that

4

expedition is appropriate."). The burden is thus on the requestor to show, based on the record before the agency at the time of denial, that expedition was required. The expedition requirements are to be "narrowly applied," since "unduly generous use of the expedited processing procedure would unfairly disadvantage other requestors who do not qualify for its treatment." *Al-Fayed*, 254 F.3d at 310 (quoting H.R. REP. No. 104-795, at 26 (1996)).

## III.    DISCUSSION

Plaintiff asserts that expedited processing is required by both FOIA itself, 5 U.S.C. § 552(a)(6)(E)(v)(II), and by a DOJ implementing regulation, 28 C.F.R. § 16.5(e)(1)(iv). Neither the cited statutory or regulatory provision requires that the FBI grant plaintiff's expedition request here.

### A.  Statutory Expedition Requirement Is Not Met

Plaintiff contends that the FOIA requires DOJ to expedite its request, Pl.'s Mem. at 3, in reliance on a FOIA provision requiring expedition when the requestor demonstrates a "compelling need," including, "with respect to a request made by a person primarily engaged in disseminating information, urgency to inform the public concerning actual or alleged Federal Government activity." 5 U.S.C. § 552(a)(6)(E)(v)(II). "[I]n determining whether requestors have demonstrated 'urgency to inform,' and hence 'compelling need,' courts must consider at least three factors: (1) whether the request concerns a matter of current exigency to the American public; (2) whether the consequences of delaying a response would compromise a significant recognized interest; and (3) whether the request concerns federal government activity." *Al-Fayed*, 254 F.3d at 310.

Assuming, *arguendo*, that the first and third factors are met—*i.e.*, that the so-called "Epstein files" are a "matter of current exigency to the American public," and that plaintiff's request concerns federal government activity—plaintiff has nonetheless not shown that "the

consequences of delaying a response would compromise a significant recognized interest." *Id.* Even where the information sought is "indisputably valuable in informing the public about how the federal government functioned," a plaintiff must show that "there is [a] particular time limit on the usefulness of that information." *N.Y. Times Co. v. Def. Health Agency*, No. 21-cv-566 (BAH), 2021 WL 1614817, at *8 (D.D.C. Apr. 25, 2021) (internal quotation marks omitted).  Unlike circumstances present in other FOIA cases where a need for expedition has been found, plaintiff here has not shown that the requested records are necessary or relevant for an upcoming event such that later delivery would render the requested records "stale information . . . of little value." *Payne Enters.*, 837 F.2d at 494; *see, e.g.*, *Protect Democracy Project, Inc. v. DOJ*, 498 F. Supp. 3d 132, 141 (D.D.C. 2020) (requiring expedition when the request related to alleged DOJ interference in election taking place the next month); *Leadership Conf. on Civil Rights v. Gonzales*, 404 F. Supp. 2d 246, 260 (D.D.C. 2005) (requiring expedition given "the upcoming expiration of the special provisions of the Voting Rights Act in 2007"); *Protect Democracy Project, Inc. v. Dep't of Def.*, 263 F. Supp. 3d 293, 300 (D.D.C. 2017) (requiring expedition of a request about Syrian airstrikes when delay would allow "the possibility for the strikes to recur" at which point "any damage will have been done"); Minute Order (May 26, 2025), *Democratic Nat'l Comm. v. DOJ*, No. 26-cv-825 (BAH) (D.D.C.) (requiring expedition of request about military presence at polling places when the midterm elections were taking place that year, making the requests "time-sensitive").  In contrast, plaintiff concedes that debates about the Epstein files are ongoing and has not shown that receiving the information sought in the FOIA request on a normal timeline would make the information useless or otherwise "compromise a significant recognized interest." *Al-Fayed*, 254 F.3d at 310.  In other words, plaintiff has not pointed, either in its two-sentence, conclusory expedition justification in the FOIA request or in its briefing, to any "imminent event, after which

. . . the utility of the records would be lessened or lost." *Democracy Forward Found. v. Off. of Mgmt. & Budget*, 780 F. Supp. 3d 61, 74 (D.D.C. 2025) (omission in original) (quoting *N.Y. Times Co.*, 2021 WL 1614817, at *8.  Thus, expedited processing is not required under the FOIA.

### B.  Regulatory Expedition Requirement Is Not Met

DOJ regulations implementing the statutory expedition requirement describe the circumstances where expedition is required, *see* 5 U.S.C. § 552(a)(6)(E)(i)(II) (directing expedition of FOIA requests "in other cases determined by the agency."), including when the request concerns "[a] matter of widespread and exceptional media interest in which there exist possible questions about the government's integrity that affect public confidence," 28 C.F.R. § 16.5(e)(1)(iv).  Plaintiff contends that this DOJ regulation requires expedition here, Pl.'s Mem. at 7 (citing 28 C.F.R. § 16.5(e)(1)(iv)), but the cited regulation does not do the work plaintiff wishes because, as defendant argues, plaintiff's "request . . . failed to establish a record sufficient to meet the regulatory exceptional media interest standard," Def.'s Opp'n at 11, and since expedition decisions must be based only on "the record before the agency at the time of the determination," 5 U.S.C. § 552(a)(6)(E)(iii), that shortcoming is fatal to plaintiff's request.

Regulations "promulgated in response to . . . an express delegation of authority to an individual agency" are "entitled to judicial deference, . . . as is each agency's reasonable interpretation of its own such regulations."  *Al-Fayed*, 354 F.3d at 307 n.7; *see also Loper Bright Enters. v. Raimondo*, 603 U.S. 369, 394 (2024) (holding that an "agency is authorized to exercise a degree of discretion" when a statute makes an "express[] delegate[ion]" to the agency (internal quotation marks and citations omitted)).  While some non-binding decisions have cast doubt on whether an agency's unreasoned, constructive denial of a specific FOIA request is entitled to such deference, *see, e.g.*, *Democracy Forward Found. v. DOJ*, 813 F. Supp. 3d 1, 9 (D.D.C. 2025)

(declining to extend deference to the government in this circumstance), this is not a legal issue necessary to resolve here. Under either *de novo* or deferential review, denial of plaintiff's request for expedition was justified here under DOJ regulations on the record before the agency at the time of the request's constructive denial.

As discussed, DOJ regulations require expedited processing of requests that concern "[a] matter of widespread and exceptional media interest in which there exist possible questions about the government's integrity that affect public confidence." 28 C.F.R. § 16.5(e)(1)(iv). Again, under the plain text of FOIA, review of the expedition request must be "based on the record before the agency at the time of the determination," 5 U.S.C. § 552(a)(6)(E)(iii), and the burden is on the requestor to make clear the justification for expedited processing, *see Al-Fayed*, 254 F.3d at 305 n.4. "In evaluating whether there is [widespread and exceptional media] interest, courts in this District consider (1) the number of articles cited in the expedited processing request, (2) the dates those articles were published, (3) whether those articles were published in a variety of publications, and (4) whether those articles indicate that there is widespread national attention on the issue." *Democracy Forward*, 813 F. Supp. 3d at 10-11 (collecting cases and ordering expedited processing of Epstein-related files when original request included "dozens of articles . . . concerning the Justice Department's handling of the Epstein files," which "appeared in a range of prominent newspapers" and which sufficed to show that "this topic has dominated the national conversation and is ongoing"); *see also Citizens for Resp. & Ethics in Wash. v. DOJ*, No. 25-cv-4426 (CKK), 2026 WL 472589, at *11 (D.D.C. Feb. 19, 2026) (considering "national coverage . . . that CREW cited in its FOIA requests to DOJ" to conclude that expedited processing was justified for request about DOJ efforts to obtain voter roll data from states); *Brennan Ctr. for Just. at NYU Sch. of L. v. Dep't of Com.*, 498 F. Supp. 3d 87, 97 (D.D.C. 2020) ("The Brennan Center's submissions to the

agencies cite more than fifty recent articles from a variety of sources on the census, reapportionment, and the potential use of citizenship data in this process . . . .").  DOJ has thus "determined," 5 U.S.C. § 552(a)(6)(E)(i)(II), that in addition to the situations where expedited processing is statutorily required under this provision, expedition may also be appropriate in situations where no upcoming event requiring timely disclosure is identified, *see* 28 C.F.R. § 16.5(e)(1)(iv) (requiring "widespread and exceptional media interest," but not "urgency to inform").  Nevertheless, a requester relying on this expanded opportunity for expedition must demonstrate to the agency that "widespread and exceptional media interest" exists and concerns possible "questions about the government's integrity that may affect public confidence."  *Id.*

Here, plaintiff's original request to the FBI consisted of a justification in two short sentences that simply stated in a conclusory fashion that the Epstein files story "raises significant questions of government  misconduct" and is "one of the most newsworthy and fast-developing topics in the news today," without providing any evidence.  Pl.'s FOIA Request at 3.  Though the request included a single link to an NBC article about Epstein, this was not supplied or discussed to show a need for expedition in processing the request but rather to support plaintiff's application for a fee waiver.  *Id.* at 2 (linking news article about Epstein files as justification for a fee waiver request, because "the[] videos [sought in the request] will significantly increase public understanding of government operations" and that plaintiff will "use its editorial skills to translate disclosed records into new material").  The justification for expedited processing states that "[t]he ongoing story of how FBI and DOJ reviewed the Epstein records is one of the most newsworthy and fast-developing topics in the news today," that this "raises significant questions of government misconduct," and that "MSW Media has a pressing need to report on these videos."  *Id.* at 3.  This record includes no evidentiary support for plaintiff's expedition request, much less (1) numerous

articles (2) around the time of the request (3) from a variety of sources (4) showing widespread interest in the subject of the request.  *See Democracy Forward*, 813 F. Supp. 3d at 10-11 (outlining these four factors to evaluate expedition request under DOJ regulations, citing *ACLU v. DOJ*, 321 F. Supp. 2d 24, 31 (D.D.C. 2004); *Brennan Ctr.*, 498 F. Supp. 3d at 97 (considering same factors). Moreover, though noting plaintiff's "pressing need" for the requested records in the request, Pl.'s FOIA Request at 3, why this is "pressing" is not explained, other than the obvious competitive pressure on plaintiff to obtain information before another media outlet.  This record, to say the least, is weak as support for a request for expedited processing under DOJ regulations.

Plaintiff argues that "the record before the agency" should be interpreted to include "common knowledge" that the Epstein files are a "topic universally considered to be newsworthy," and "[t]he fact that the Court's review is limited to the record before the agency in no way equates to a conclusion that the record before the agency *is limited to materials provided by the requester*." Pl.'s Reply in Support of Mot. for Summ. J. ("Pl.'s Reply") at 2-3, ECF No. 12 (emphasis in original).  This makes some sense since FOIA requests are not reviewed in a vacuum.  Yet, plaintiff points to no authority for this expanded view of what constitutes "the record," or any case where a Court ordered expedition under this regulation without plaintiff providing evidence to the agency of widespread media coverage.  In fact, limiting judicial review to the materials provided by the requestor in favor of expedition is exactly what FOIA requires.  When a requestor challenges an agency's failure timely to respond to an expedition request, that constructive denial "shall be subject to judicial review under paragraph (4), except that the judicial review shall be based on the record before the agency at the time of the determination."  5 U.S.C. § 552(a)(6)(E)(iii).  Thus, unlike paragraph 4, which allows consideration of agency documents, "affidavit[s]," and potentially any other evidence available in a civil suit, the inquiry in reviewing an expedition denial

10

is strictly limited to the record created by the requestor in the FOIA request.  5 U.S.C. § 552(a)(4)(B); *see also ACLU v. DOJ*, 321 F. Supp. 2d at 31 (Huvelle, J.) (acknowledging that "[e]ver since it was proposed, the Patriot Act has engendered controversy and debate" "[b]ut . . . focusing only on the record before the agency at the time of the determination, as one must," namely "articles cited by plaintiffs in their request," to consider expediting request about the PATRIOT Act (first alteration in original)).  Put another way, review of expedition requests is cabined since the Court may only look at what the requestor provided and decide whether that information justified expedition.  Any alternative rule—particularly the rule proposed by plaintiff that the Court to assess whether agency officers could "reasonably be expected to be ignorant" of a particular widespread news topic, Pl.'s Reply at 3—would lack a limiting principle and invite an unpredictable assessment by courts of the newsworthiness of different topics.  Thus, review here is properly cabined to plaintiff's sparse expedition request, which falls short of triggering a requirement for the FBI to grant a request for expedited processing.

This is not to say that DOJ's expedition regulations do not, as a matter of law, require expedited processing of records regarding the FBI's handling of the Epstein files—indeed, at least one other Judge on this Court has soundly reasoned that expedited processing was justified for requests on the topic when plaintiffs created an adequate record to support the expedition request.  *See, e.g.*, *Democracy Forward*, 813 F. Supp. 3d at 11 (Chutkan, J.) (noting that plaintiff's "expedited review requests cited dozens of articles dated between February and July 2025 concerning the Justice Department's handling of the Epstein files," as well as polling data and congressional debates).  The burden was on plaintiff, however, to create a record before the agency justifying expedited processing, and plaintiff—perhaps in its rush to get to Court—failed to do so here.

## IV.    CONCLUSION

For the foregoing reasons, upon consideration of plaintiff's Motion for Partial Summary Judgment, ECF No. 9, the legal memoranda in support and opposition, the exhibits attached thereto, and the entire record, it is hereby—

**ORDERED** that plaintiff's Motion for Partial Summary Judgment, ECF No. 9, is **DENIED**; it is further

**ORDERED** that the stay on defendant's deadline to answer plaintiff's Amended Complaint, ECF No. 7, is **VACATED**; it is further

**ORDERED** that defendant file, by July 15, 2026, a response to plaintiff's Amended Complaint, ECF No. 7; it is further

**ORDERED** that by July 29, 2026, parties file a joint status report pursuant to Standing Order ¶ 4(b)(ii), ECF No. 5.

**SO ORDERED.**

Date:  July 1, 2026

_____
**BERYL A. HOWELL**
United States District Judge