**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| MSW Media, Inc., | |
| Plaintiff, | |
| v. | No. 1:25-cv-2518-BAH |
| U.S. DEPARTMENT OF JUSTICE, | |
| Defendant. | |

**DEFENDANT'S UNOPPOSED *NUNC PRO TUNC* MOTION TO EXTEND TIME TO
ANSWER AND FOR THE PARTIES TO FILE A JOINT STATUS REPORT**

Pursuant to Fed. R. Civ. P. 6(b)(1)(B), and LCv 7, Defendant moves unopposed *nunc pro tunc* to extend the time for Defendant to answer Plaintiff's Amended Complaint until August 7, 2026, and for the parties to file a joint status report until August 21, 2026. Good cause shown herein, Defendant states as follows:

1. Plaintiff filed suit on August 2, 2025, seeking to compel the production of records it sought in a July 17, 2025, request under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, to the Department of Justice ("DOJ"), Office of Information and Policy ("OIP") for "all grand jury testimony in the criminal cases against Jeffrey Epstein and Ghislaine Maxwell," Compl. ¶ 18, ECF No. 1, and a July 22, 2025, FOIA request to the Federal Bureau of Investigation ("FBI"), for "all videos stored on Sharepoint (on the unclassified side) or Sharepoint or BuTube (on the classified side) which were created or used to train FBI personnel in how to review records about Jeffrey Epstein," *id*. ¶ 27.

2. Plaintiff requested expedited processing of each of its requests. *See id*. ¶¶ 19, 28. OIP denied Plaintiff's request, *see id*. ¶ 22, and the FBI had not yet provided a response to

Plaintiff's request for expedited processing at time Plaintiff filed its Complaint, *see id*. ¶ 31.

3. On September 4, 2025, Plaintiff filed an Amended Complaint withdrawing its FOIA request made to OIP, *see* First Am. Compl. ¶ 22, ECF No. 7, but maintaining and expanding its claims against FBI. *See id.*, Second through Fifth Causes of Action.

4. On September 16, 2025, Plaintiff filed a motion to expedite consideration of an upcoming dispositive motion, *see* Unopposed Mot. to Expedite Pl.'s Dispositive Motion, ECF No. 8, and this Court entered a Minute Order issuing a scheduling order for that motion and providing for Defendant to answer Plaintiff's Amended Complaint 14 days after Plaintiff's motion is decided, *see* Minute Order (Sept. 16, 2026). Plaintiff then filed a motion for partial summary judgment seeking expedited processing of its request for records. *See* Pl.'s Mot. for Partial Summ. J., ECF No. 9.

5. On May 15, 2026, this case was transferred to undersigned counsel and he entered an appearance. *See* Notice of Appearance, ECF No. 13.

6. On June 30, 2026, the FBI completed its search for and review of records responsive to Plaintiff's FOIA request and provided categorical denial to Plaintiff, explaining that it was withholding the records in full under FOIA Exemptions b(5), b(6), b(7)(C), and b(7)(E).

7. On July 1, 2026, this Court issued a Memorandum and Order: (i) denying Plaintiff's motion for partial summary judgment; (ii) vacating the stay on Defendant's deadline to Answer Plaintiff's Amended Complaint; (iii) ordering Defendant to answer Plaintiff's Amended Complaint by July 15, 2026; and (iv) ordering the parties to file a joint status report by July 29, 2026. *See* Mem. & Order at 12, ECF No. 15.

8. On August 4, 2026, this Court entered a Minute Order requiring Plaintiff to show

cause why this case should not be dismissed for failure to prosecute. *See* Minute Order (Aug. 4, 2026). On receipt of this Minute Order, undersigned counsel for Defendant realized that he had not seen this Court's July 1 Memorandum and Order.

9.      Counsel is aware of his obligation to monitor the Court's docket. *See* Fo*x v. Am. Airlines*, 389 F.3d 1291, 1294 (D.C. Cir. 2004). Unfortunately, undersigned counsel was on leave July 1 and 2, 2026, due to a sudden illness. On his return to the office the following week, counsel did not see the email from this Court's ECF system serving him with this Court's Memorandum and Order among the hundreds of emails, including ECF notices for many other cases that he is handling or monitoring, that had accumulated in his inbox. As a result, Defendant was unaware of its deadline to answer Plaintiff's Amended Complaint and the deadline for the parties to file a joint status report. Counsel deeply regrets his oversight and asks that Defendant not be penalized for his excusable neglect. *See* Fed. R. Civ. P. 6(b)(1)(B); *D.A. v. Dist of Columbia*, No. 07-cv-1084, 2007 WL 4365452, at *1 (D.D.C. Dec. 6, 2007), *rep. & recommendation adopted*, 2008 WL 11391183 (D.D.C. Jan. 8, 2008).

10.      Pursuant to Local Rule 7(m), undersigned counsel contacted Plaintiff's counsel on August 5, 2026. Counsel explained that Defendant intends to file this *nunc pro tunc* motion to extend time for Defendant to answer Plaintiff's Amended Complaint until August 7, 2026, and for the parties to file a joint status report until August 21, 2026, and sought Plaintiff's position on Defendant's extension motion. Plaintiff does not oppose extending Defendant's deadline to answer and joins in Defendant's request to extend the deadline for the parties to file a joint status report.

## CONCLUSION

This Court should grant Defendant's *nunc pro tunc* motion to extend the time for

Defendant to answer Plaintiff's Amended Complaint and for the parties to file a joint status report.

Dated: August 6, 2026                      Respectfully submitted,

                                           BRETT A. SHUMATE
                                           Assistant Attorney General, Civil Division

                                           ELIZABETH J. SHAPIRO
                                           Deputy Branch Director

                                           *s/ James D. Todd, Jr.*
                                           JAMES D. TODD, JR.
                                           Senior Trial Counsel
                                           U.S. DEPARTMENT OF JUSTICE
                                           Civil Division, Federal Programs Branch
                                           P.O. Box 883
                                           Washington, DC 20044

                                           Counsel for Defendant