UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MSW MEDIA, INC.,<br><br>Plaintiff,<br><br>v.<br><br>U.S. DEPARTMENT OF JUSTICE,<br><br>Defendant. | No. 1:25-cv-2518-BAH |

**DEFENDANT'S STATEMENT OF MATERIAL FACTS**

Pursuant to LCvR 7(h)(1), Defendant submits the following statement of material facts in support of its motion for summary judgment:

1. On July 22, 2025, Plaintiff submitted a request under the Freedom of Information Act ("FOIA") to the FBI for "all videos stored on Sharepoint (on the unclassified side) or Sharepoint or BuTube (on the classified side) which were created or used to train FBI personnel in how to review records about Jeffrey Epstein." Request of MSW Media, Inc., ECF No. 11-1; *see also* Decl. of Shannon R. Hammer ("Hammer Decl."), attached as Ex. 1 to Defendant's Mot. for Summ. J. ("Def.'s MSJ"), Ex. A.

2. On July 29, 2025, the FBI searched Administrative File 62F-HQ-A4051821 (the 62 file) "in response to a request for records from another person." Hammer Decl. ¶ 16. The FBI later determined that this search "located all nine training videos" that were responsive to Plaintiff's FOIA request and that "no further search for records responsive to Plaintiff's FOIA request was necessary" because the 62 file was "the only location containing records responsive to" that request. *Id.*

3. Plaintiff filed suit on August 2, 2025, *see* Compl., ECF No. 1, and filed an Amended Complaint on September 4, 2025, *see* Am. Compl., ECF No. 7.

4. On December 7, 2025, after Plaintiff had commenced this litigation, Plaintiff's counsel contacted Defendant's counsel and demanded that the FBI expand the scope of Plaintiff's request. In addition to the videos requested in its July 2025 FOIA request, Plaintiff demanded "[u]pdated training materials and workflow guidance" described in a March 22, 2025, email to another FOIA requester. Email from Kel McClanahan to Jason Altabet (Dec. 7, 2025), attached as Ex. 2 to Def.'s MSJ. Plaintiff also demanded training videos "embedded in PowerPoint decks," including those "identified as being part of the 'Epstein Transparency Project' or 'Special Redaction Project.'" *Id.*

5. The FBI declined to expand the scope of Plaintiff's FOIA request. *See* Hammer Decl. ¶ 12.

6. On June 30, 2026, the FBI completed its review of records responsive to Plaintiff's July 2025 FOIA request and provided its response to Plaintiff, explaining that the agency was withholding the records in full under FOIA Exemptions 5, 6, 7(C), and 7(E). *See* Ltr. from RIDS to Kel McClanahan (June 30, 2026), Hammer Decl., Ex. G.

7. The FBI withheld the responsive training videos under FOIA Exemptions 5, 6, 7(C), and 7(E) because they were compiled for law enforcement purposes, Hammer Decl. ¶¶ 24–27, and contained information reflecting: (a) legal advice provided by Department of Justice attorneys to the FBI that is protected by the attorney-client privilege, *id.* ¶¶ 21–23; (b) the names and identifying information of FBI Special Agents and professional staff, *id.* ¶¶ 30–33, third parties who were merely mentioned in the investigative records responsive to Plaintiff's requests, *id.* ¶¶ 34–35, and third-party victims, *id.* ¶ 36, the disclosure of which would constitute a clearly unwarranted invasion of their personal privacy, *id.* ¶¶ 28–36; and (c) internal e-mail addresses, non-public web addresses, computer banner lines, and non-public telephone numbers of FBI personnel, *id.* ¶ 39, as well as the identities of sensitive investigative databases and database search results located through queries of these non-public databases used for official law

enforcement purposes by the FBI that are shown in these training videos, *id.* ¶¶ 40–43, the disclosure of which could reasonably be expected to risk circumvention of the law, *id.* ¶¶ 37–43. The FBI determined that disclosing this information would result in foreseeable harm to the interests protected by FOIA Exemptions 5, 6, 7(C), and 7(E), including by damaging the ability of client agencies to obtain legal advice from their attorneys; harming the privacy interests of FBI employees, witnesses, and victims; and increasing the opportunities for criminals to circumvent the law. *Id.* ¶¶ 17–44.

8. On August 20, 2026, Plaintiff's counsel sent DOJ litigation counsel an email asserting that Plaintiff's FOIA request "explicitly included videos that were embedded in powerpoint decks, and specified that when a video was embedded in a deck the entire deck was responsive." Email from Kel McClanahan to James Todd (Aug. 20, 2026), attached as Ex. 3 to Def.'s MSJ. Plaintiff's counsel asserted that "there's no way an adequate search yielded only videos and no powerpoint slides." *Id.*

9. The FBI determined that Plaintiff's FOIA request "did not request non-video items, and that this new demand was an attempt to expand the scope of Plaintiff's original FOIA request." Hammer Decl. ¶ 14.

Dated: October 2, 2026

Respectfully submitted,

BRETT A. SHUMATE
Assistant Attorney General

ELIZABETH J. SHAPIRO
Deputy Branch Director

*s/ James D. Todd, Jr.*
JAMES D. TODD, JR.
Senior Trial Counsel
ISAAC C. BELFER
Trial Attorney
U.S. DEPARTMENT OF JUSTICE
Civil Division, Federal Programs Branch
Ben Franklin Station
P.O. Box 883
Washington, DC 20044

*Attorneys for Defendant*