**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| MSW MEDIA, INC.,<br><br>Plaintiff,<br><br>v.<br><br>U.S. DEPARTMENT OF JUSTICE,<br><br>Defendant. | No. 1:25-cv-2518-BAH |

**DEFENDANT'S COMBINED MOTION TO STAY REMAINING SUMMARY JUDGMENT BRIEFING, AND CONSENT MOTION FOR EXTENSION OF BRIEFING DEADLINE**

Defendant, the United States Department of Justice, respectfully requests that the Court stay the remaining summary judgment briefing in this Freedom of Information Act (FOIA) case, pending the processing and production, by the Federal Bureau of Investigation (the FBI), of the segregable, nonexempt portions of the training videos responsive to Plaintiff's FOIA request. The FBI aims to complete this by early February 2027. Defendant therefore requests that the Court order the parties to file a Joint Status Report, setting forth the parties' proposal(s) for any further proceedings, by February 26, 2027. Plaintiff's position on this requested stay is set forth *infra*, at paragraph 5. Relatedly, with Plaintiff's consent, Defendant also seeks an extension of Defendant's deadline for its consolidated opposition to Plaintiff's cross-motion for summary judgment and reply in support of Defendant's motion for summary judgment, presently due November 24, 2026, pending the Court's decision on the requested stay—and that, in the event the Court denies the stay, the Court extend that deadline to ten (10) business days after that decision, with a corresponding extension to Plaintiff's reply deadline. *See* Nov. 2, 2026 Minute Order. Good cause supports these requests, as explained below.

1. By way of background, Plaintiff filed its FOIA request with the FBI on July 22, 2025, requesting "all videos . . . which were created or used to train FBI personnel in how to review records about Jeffrey Epstein," and requested expedited processing. *See* ECF No. 7, ¶¶ 25, 26. Plaintiff then filed suit on August 2, 2025, ECF No. 1, and filed an Amended Complaint on September 4, 2025, ECF No. 7. On September 17, 2025, Plaintiff filed a Motion for Partial Summary Judgment, only on its expedition claim. ECF No. 9. The Court denied Plaintiff's Motion on July 1, 2026. ECF No. 15. Defendant then filed its Answer to the Amended Complaint on August 7, 2026. ECF No. 17.

2. Defendant filed a motion for summary judgment on October 2, 2026, ECF No. 21, and Plaintiff filed its opposition and cross-motion for summary judgment on November 7, 2026, ECF Nos. 24, 25. *See also* Minute Orders dated Sep. 4, 2026 (granting Defendant's extension motion); Nov. 2, 2026 (granting Plaintiff's extension motion); Nov. 10, 2026 (granting Plaintiff's second extension motion). Pursuant to the operative Amended Scheduling Order, Defendant's consolidated reply and opposition is due November 24, 2026, and Plaintiff's reply in support of its cross-motion is due December 10, 2026. *See* Nov. 2, 2026 Minute Order.

3. Defendant maintains its position that "[a]ny … segregation of th[e] intertwined material [in the training videos] would employ finite resources only to produce disjointed words, phrases, sentences, or visual images, that taken separately or together, would have minimal to no informational content." ECF No. 21-1, at 31–32. Nevertheless, the FBI has determined that it will process the requested videos and aim to produce the segregable, nonexempt portions of the videos (*i.e.*, in redacted form) by early February 2027, as noted above. In doing so, as requested by Plaintiff, the FBI will prioritize Training Video 7. And

although not required, the FBI will provide closed captioning on these videos, as sought by Plaintiff. *See* ECF No. 24 at 3. Defendant believes these steps may allow the parties to resolve this matter without further judicial involvement.

4. Therefore, in order to avoid burdening the parties with further summary judgment briefing on issues that likely will become moot, and to avoid burdening the Court with deciding such summary judgment motions, Defendant requests that the Court stay the remaining summary judgment briefing, pending the FBI's processing and production of the segregable, nonexempt portions of the responsive videos. *See Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936) ("the power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants"). Defendant further requests that the Court order the parties to file a Joint Status Report with the parties' proposal(s) for any further proceedings by February 26, 2027.

5. Pursuant to Local Civil Rule 7(m), Defendant's counsel contacted Plaintiff's counsel concerning this motion to stay on November 20. On November 23, Plaintiff's counsel stated, "[P]laintiff objects to the extent that FBI refuses to make monthly interim releases, but that if the court orders FBI to do so, plaintiff consents."

6. Plaintiff's request for monthly interim releases of the training videos is not feasible because of the time required for processing, internal review, and production of the requested videos, and given leave and travel plans over the holiday season. Redacting videos can be significantly more time-consuming than redacting documents because, if any changes are needed during the internal review process, that generally requires going back to the original, unredacted video and redoing all the redactions. Therefore, the FBI will aim to

complete its processing and production of the segregable, nonexempt portions of the requested videos by early February 2027, which Defendant believes is a reasonable expected timeframe for completing these tasks. In the proposed Joint Status Report due by February 26, 2027, both parties will have an opportunity to update the Court on the status of Defendant's production and any next steps in this matter.

7. Finally, as noted above, Defendant also seeks an extension of its November 24 deadline for its consolidated opposition and reply brief, pending the Court's decision on the requested stay, and that, in the event the Court denies the stay, the Court extend that deadline to ten (10) business days after that decision, with a corresponding extension to Plaintiff's reply deadline. *See* Nov. 2, 2026 Minute Order. Plaintiff's counsel consents to this extension request.

WHEREFORE, for good cause shown, Defendant respectfully requests that the Court (i) stay the remaining summary judgment briefing pending the FBI's processing and production of the segregable, nonexempt portions of the training videos responsive to Plaintiff's FOIA request, and order the parties to file a Joint Status Report, setting forth the parties' proposal(s) for any further proceedings, by February 26, 2027; and (ii) extend Defendant's November 24, 2026 deadline for its consolidated opposition to Plaintiff's cross-motion for summary judgment and reply in support of Defendant's motion for summary judgment, pending the Court's decision on the requested stay, with a corresponding extension to Plaintiff's reply deadline, and as explained further above. A proposed motion for each is attached.

Dated: November 23, 2026

Respectfully submitted,

JONATHAN D. GUYNN
Acting Assistant Attorney General

ELIZABETH J. SHAPIRO
Deputy Branch Director

*/s/ Steven M. Chasin*
STEVEN M. CHASIN (D.C. Bar No. 495853)
ISAAC C. BELFER (D.C. Bar No. 1014909)
Trial Attorneys
U.S. DEPARTMENT OF JUSTICE
Civil Division, Federal Programs Branch
1100 L Street, N.W.
Washington, DC 20005
Tel: (202) 305-0747 (Chasin)
Tel: (202) 305-7134 (Belfer)
Steven.M.Chasin2@usdoj.gov
Isaac.C.Belfer@usdoj.gov

*Attorneys for Defendant*