**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| MSW MEDIA, INC., | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | Civil Action No. 1:25-cv-02518 (BAH) |
| | * | |
| DEPARTMENT OF JUSTICE, | * | |
| | * | |
| Defendant. | * | |
| | * | |

* * * * * * * * * * * * *

## PLAINTIFF'S PARTIAL OPPOSITION TO DEFENDANT'S MOTION TO STAY REMAINING SUMMARY JUDGMENT BRIEFING

Defendant has requested that this Court stay the briefing schedule of the parties' competing dispositive motions so that the Federal Bureau of Investigation ("FBI") can process the nine videos it has previously identified as responsive to Plaintiff's request. Plaintiff welcomes FBI's willingness to properly comply with its statutory obligations, but it must object to FBI's refusal to comply with its duty to make interim releases. Plaintiff's undersigned counsel advised Defendant's counsel that Plaintiff would consent to the requested stay if FBI committed to making monthly interim releases instead of waiting until February to release all nine videos. Defendant's counsel replied, "Defendant cannot agree to monthly interim releases. Defendant will process the requested videos and aim to produce the segregable, nonexempt portions of the videos by early February 2027. We are providing this date because of all the internal reviews needed for this. If any changes are necessary based on the internal reviews, it necessitates starting over when redacting videos."[1]

---

[1] Importantly, Defendant's citation to the alleged "time required for processing . . . and production of the requested videos, and . . . leave and travel plans over the holiday season" (Dkt. No. 28 at 3) were noticeably absent from any correspondence and only appeared for the first time

Plaintiff believes that this is an unacceptable response in light of the agency's well-established duty to make interim releases. Any "internal reviews" are being conducted voluntarily by FBI and are required by neither law nor policy, and so they cannot cite their own elective reviews as grounds to further delay release of the videos they should have properly processed months ago. There is nothing in these short videos which requires any more intensive review than any other videos responsive to other FOIA requests. Moreover, Defendant's argument is based on a faulty premise: that these internal reviews will find issues with the redactions. If the reviews find issues with the redactions and they have to be done again, then the videos have not been fully processed yet. This is not a reason to deprive Plaintiff of the videos which *have* been fully processed, especially given FBI's failure to process these records for well over a year and the widespread public interest in the subject matter. Plaintiff accordingly requests that this Court only grant FBI's motion if it also orders FBI to make rolling releases at the end of each month of any videos processed by FBI as of that date, with a minimum of two videos released per month.[2]

A proposed Order accompanies this Opposition.

---

in Defendant's Motion. Plaintiff accordingly maintains that any delay would be the result of "all the internal reviews" and not the agency's more banal *post hoc* explanation offered in its Motion.

[2] Plaintiff further maintains that if FBI contends that it has not processed two videos in a particular month, it must give a detailed explanation for the failure which includes a description of the "internal reviews" it has been subjecting the videos to.

Date: November 24, 2026

Respectfully submitted,

/s/ Kelly B. McClanahan
Kelly B. McClanahan, Esq.
D.C. Bar #984704
National Security Counselors
1451 Rockville Pike
Suite 250
Rockville, MD 20852
501-301-4672
240-681-2189 fax
Kel@NationalSecurityLaw.org

*Counsel for Plaintiff*